UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLENN DAVIS,

        Plaintiff,

  v.                                                                                     Case No. 08-C-211

JOHN CHISHOLM, et al.,

        Defendants.

---

GLENN DAVIS,

        Petitioner,

  v.                                                                              Case No. 08-C-212

ANA BOATRIGHT,

        Respondent.

---

**ORDER**

On March 10, 2008 Glenn Davis filed various papers that were docketed as two separate cases in this district. In the first action, No. 08-C-211, he filed a civil rights lawsuit against Milwaukee County District Attorney John Chisholm and his assistants. In the second action, No. 08-C-212, he filed a petition under 28 U.S.C. § 2254 seeking release from custody and relief related to the production of evidence. In both cases he alleges that DNA evidence was covered up in his criminal conviction for sexual assault of a child. In fact, both cases are essentially the same. For instance, in the habeas petition he names the defendants in the civil rights action and asks that the

court begin an investigation into their cover-up. In the civil rights action, he has filed a "motion for writ of habeas corpus," as well as several other filings indicating that the relief he seeks is release from custody.

In the habeas action, this court ordered Davis to show cause why the petition should not be dismissed as untimely under 28 U.S.C. § 2244(d). Davis has not responded to that directive, and the court can conceive of no basis on which the petition (if that is what it is) should be allowed to proceed further. Accordingly, Case No. 08-C-212 will be dismissed.

The other case suffers from numerous problems as well. First, Davis did not sign the complaint and has not responded to the clerk's directive to submit a signed copy. That failure has forestalled further action on the complaint, including the assessment of an initial partial filing fee under 28 U.S.C. § 1915. Beyond that procedural hiccup, the complaint fails because success in the civil action would necessarily imply the invalidity of Davis's criminal conviction. Before an individual may prosecute a civil rights action based on an improper conviction, he must generally first obtain a reversal of that conviction either on direct appeal or collateral attack.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). *Heck,* in fact, was itself a malicious prosecution case much like Davis' present action, and its holding clearly bars relief under § 1983.

An additional reason for dismissal is that Davis' claims are simply unmeritorious. He has made the same arguments in state court, to no avail. The dispute he has seems to stem from his

2

Case 1:08-cv-00211-WCG   Filed 05/02/08   Page 2 of 3   Document 19

misinterpretation of a letter he received from the Wisconsin Innocence Project.  Apparently, the project told him that there was no DNA evidence suggesting that he was *not* guilty of the crime. In other words, their investigation revealed *no* exculpatory evidence.  Davis appears to believe that the Innocence Project said just the opposite, and thus he believes that there is some sort of evidence in the custody of the Milwaukee district attorney's office that would exonerate him.  Since then, he has been seeking DNA evidence from the Milwaukee DA's office and has bombarded that office and various courts with a spate of motions and other filings.  The state trial court entertaining one of his motions was "appalled" by his filings, and the state court of appeals recently told Davis, in no uncertain terms, to stop such filings. *State ex rel. Davis v. Chisholm,* 2008 WL 495494, *1 (Wis. Ct. App. 2008).  "Further, to the extent that Davis is attempting to obtain other DNA evidence, he has been repeatedly told that there is no evidence in existence. We will not compel someone to produce something that does not exist." *Id.*  The entire premise of Davis' civil action is thus untrue.

Accordingly, both actions are ordered **DISMISSED**.  To the extent a certificate of appealability is required on Case No. 08-C-212, such is **DENIED** because I find reasonable jurists would not debate the outcome, and I further find no denial of any constitutional right.  I further certify that any appeal of either case would not be taken in good faith, and any attempt to proceed on appeal *in forma pauperis* is hereby **DENIED** as well.

**SO ORDERED** this   1st   day of May, 2008.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge